UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AZUL HOSOPITALITY GROUP,<br><br>　　　　Defendant. | No. 2:19-cv-01877-TLN-AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this matter pro se, but he is licensed as an attorney in the state of California; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending is a motion to dismiss from defendant Azul Hospitality Group, LLC ("Azul"). ECF No. 6. Defendant McConnell Foundation has not been served. Plaintiff has responded to the motion. ECF No. 9. Defendant has not submitted reply briefing. Defendant has made requests for judicial notice which the court deems appropriate to resolve here. Based on a review of the record, the court has determined that Defendant's proffered declarations and exhibits are not appropriate for judicial notice in relation to a motion to dismiss, and Azul's motion must be construed as a motion for summary judgment pursuant to Rule 12(d). Accordingly, the motion will be re-set for hearing as a summary judgment motion pursuant to Fed. R. Civ. P. 56, with an opportunity for the parties to file supplemental briefing, or for

////

1

defendant to withdraw the motion without prejudice to re-filing for summary judgment at a later date.

**I. BACKGROUND**

Plaintiff Strojnik brings claims for violations of the Americans with Disabilities Act, the California Unruh Civil Rights Act and Disabled Persons Act, and a claim for common law negligence. ECF No. 1 at 3-6. Plaintiff visited the Sheraton Redding Hotel at the Sundial Bridge ("the hotel") on or about June 6, 2019. Id. at 3. Plaintiff alleges that he encountered approximately fifteen accessibility barriers at the hotel that related to his disability due to his mobility impairments, both with and without the assistance of a wheelchair. Id. at 3, 8-9. Plaintiff then filed the operative complaint alleging these barriers amounted to disability discrimination under the cited statutes. Id. at 3, 5-6. Both parties have requested that the court take judicial notice of online resources that address disputed issues. ECF No. 6-1 at 14-15; ECF No. 9 at 3-4, 13-14

**II. MOTION TO DISMISS**

Defendant Azul seek to dismiss the complaint against it pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that (1) Azul is not a proper defendant; (2) plaintiff lacks standing under the ADA because he has not shown an injury-in-fact, an intent to return, or deterrence; (3) plaintiff lacks standing under Unruh because he cannot show that he was denied equal access; (4) there was no duty of care owed to plaintiff; and (5) violations of the ADA, Unruh and DPA cannot establish negligence per se.

A. What the Court Considers on a Motion to Dismiss

Motions to dismiss are based on the pleadings, and generally, "if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the non-moving party an opportunity to respond. See Fed. R. Civ. P. 12(b); Parrino v. FHP, Inc., 146 F.3d 699, 706 n. 4 (9th Cir.1998). A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903,

907–08 (9th Cir. 2003). On the other hand, when "matters outside the pleadings [not appropriate for judicial notice] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 n. 1 (9th Cir. 2010) (quoting Fed. R. Civ. P. 12(d)).

B. Request for Judicial Notice

On a motion to dismiss a court may take judicial notice of ascertainable facts outside the pleadings that are matters of public record. Fed. R. Evid. 201(b)(2); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). However, those facts cannot be "subject to reasonable dispute." Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The accuracy of a source of facts subject to judicial notice must traditionally be established by evidence; news reports are typically not held to be an accurate source under Rule 201(b)(2). Compassion Over Killing v. U.S. Food & Drug Admin., 849 F.3d 849 (9th Cir. 2017); 21B C. Wright & A. Miller Fed. Prac. & Proc. Evid. § 5106.2 (2d ed.) (2019). Generally, the court may take judicial notice of such news sources only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954 (9th Cir. 2010) cert. denied, 131 S. Ct. 3055 (2011) (quoting Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 401 n.15 (3d Cir. 2006)); Gerritsen v. Warner Bros. Entertainment, Inc., 112 F.Supp. 1011, 1029 (C.D. Cal. 2015). Likewise, a publicly accessible website may be taken notice of to establish "the existence of the website in the public realm, but [not] to notice that the contents of the website are true." Farrell v. Boeing Employees Credit Union, 761 Fed.Appx. 682, 685 (9th Cir. 2019) (citations omitted).

The moving defendant has asked this court to take judicial notice of declarations and exhibits, including online videos and other court proceedings.[1] ECF No. 6-1 at 14, n.5. Defendant has submitted links to two online videos in its briefing that are allegedly dispositive of

---

[1] The court declines to take judicial notice of the other court proceedings proffered by Defendant. ECF No. 6-2. See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 991 n. 8 (9th Cir. 2012) (denying a request for judicial notice of other proceedings because they did not bear a direct relation to the matters at issue). These other proceedings have no bearing on the motion to dismiss presently before this court.

3

the issue of Plaintiff's disability and therefore his standing to bring this case. ECF No. 6-1 at 14-15. These videos are not properly subject to judicial notice because the question of disability is a fact subject to reasonable dispute. See Lee, at 690. Additionally, these videos do not meet the requirement that facts of judicial notice stem from a "source whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Federal courts are cautious of taking judicial notice of websites because the internet "contains an unlimited supply of information with varying degrees of reliability, permanence and accessibility." Pickett v. Sheridan Health Care Center, 664 F.3d 648 (7th Cir. 2011); see also Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3rd Cir. 2007). Anyone may post a video on YouTube, and the internet's status as an open source calls into question the reliability of information that is publicly posted. See Blanks v. Cate, No. 11-cv-0171, 2013 WL 322881, at *2 n.3 (9th Cir. June 6, 2013) (declining to take judicial notice of a Wikipedia entry); and Gerritsen v. Warner Bros. Entertainment Inc., 112 F.Supp.3d 1011, 1028 (also declining to take judicial notice of a Wikipedia entry specifically because "virtually anyone [can] upload an article"). Because YouTube, like Wikipedia, allows virtually anyone to upload a video, the video itself lacks requisite evidence about its authenticity, authorship, and veracity. Plaintiff does not corroborate the contents of these videos in his reply briefing (ECF No. 9 at 3) and defendant offers them for the truth of the matter asserted (ECF No. 6-1 at 14-15). See U.S. v. Kane, No. 2:13-cr-250-JAD-VCF, 2013 WL 5797619, at *11 (D. Nev. Oct. 28, 2013) (finding that the court could take limited judicial notice of a motorcycle club's website because its contents were not contested, and the site was not being offered for its truth). Therefore, the court declines to take notice of the videos linked in defendant's motion to dismiss.

Plaintiff also asks the court to take notice of certain documents. A written instrument attached to a pleading may be considered a part of the pleading, particularly if it forms part of the basis of the complaint. Fed. R. Civ. P. 10(c); U.S. v. Ritchie, 342 F.3d 903, 907-908 (9th Cir. 2003). If the attached instrument is incorporated into the original complaint it may be considered without converting a motion to dismiss into a motion for summary judgment. The contents of the instrument may then be assumed as true for purposes of a motion to dismiss under Rule 12(b)(6). See Ritchie, 342 F.3d at 908. Plaintiff's request in his response that the court take judicial notice

of the alleged website of Azul Hospitality Group showing the hotel as part of its portfolio may therefore be incorporated into the complaint. Because the motion before this court is one to dismiss pursuant to Rule 12(b)(6) the court is already obligated to accept the allegation of Defendant Azul's relationship to the hotel as true. Additionally, judicial notice of this website would be proper because it can be used for the limited purpose of showing that Defendant Azul was held out to the public as associated with the hotel at the time rather than for the truth of the matter. See Farrell, 761 Fed. Appx at 685.

Defendant has moved the court to take judicial notice of a declaration from Jason Durbin, the Vice President of Defendant Azul, relating to the issue of Azul's relationship to the hotel in question. ECF No. 6-3. The sworn declaration of a defendant corporation's Vice President that explicitly states they have knowledge of the facts relevant to the case satisfies the reliable source requirement of Federal Rule of Evidence 201(b)(2). While this declaration comes from a proper source, its accuracy is subject to question. Considering the website proffered by incorporation by the plaintiff and the declaration's lack of clarity, the court finds that the relationship of the defendant to the hotel is a fact subject to reasonable dispute. The relationship of the defendant to the hotel is an underlying fact relevant to the adjudication of this case and the court has been presented with two opposing items of evidence on this issue. The requirements of Rule 201 are not at all satisfied in this instance. See Ritchie, 342 F3d at 909. Therefore, Mr. Durbin's declaration is not proper for judicial notice.

### III.   CONCLUSION

The declarations of Philip H. Stillman and Jason Durbin (ECF Nos. 6-2 and 6-3), including exhibits, are not properly subject to judicial notice and the court DECLINES to take judicial notice of these documents.

Because defendant's motion to dismiss relies on these exhibits outside the pleadings, it is hereby CONVERTED to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The current hearing date set for December 4, 2019 is VACATED and RE-SET for January 15, 2020. The parties may each submit supplemental briefing no later than January 1, 2020, and

////

supplemental reply briefing no later than January 8, 2020.  Alternatively, Defendant may withdraw the motion without prejudice to timely re-filing at a later date.

DATED: December 2, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE