UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AZUL HOSOPITALITY GROUP,<br><br>　　　　Defendant. | No. 2:19-cv-01877-TLN-AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this matter pro se, but he is licensed as an attorney in the state of California. Pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending is a motion for reconsideration of this court's order denying judicial notice and converting defendant's motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), filed at ECF No. 10. ECF No. 11. Defendant seeks reconsideration on grounds that summary judgment can be granted pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction without taking judicial notice of the documents the court previously rejected. ECF No. 11-1 at 2. Defendant also argues that a final judgment in another case bars this case under the doctrine of collateral estoppel. Id. at 2.

### I.　BACKGROUND

Plaintiff Strojnik brings claims for violations of the Americans with Disabilities Act, the California Unruh Civil Rights Act and Disabled Persons Act, and a claim for common law

1

1 | negligence. ECF No. 1 at 3-6. Plaintiff visited the Sheraton Redding Hotel at the Sundial Bridge
2 | ("the hotel") on or about June 6, 2019. Id. at 3. Plaintiff alleges that he encountered
3 | approximately fifteen accessibility barriers at the hotel that related to his disability. Id. at 3, 8-9.
4 | Plaintiff then filed the operative complaint alleging these barriers amounted to disability
5 | discrimination under the cited statutes. Id. at 3, 5-6.

6 | On October 18, 2019, defendant filed a motion to dismiss. ECF No. 6 (now docketed as a
7 | motion for summary judgment). Plaintiff opposed the motion. ECF No. 9. Both parties
8 | requested that the court take judicial notice of online resources that address disputed issues. ECF
9 | No. 6-1 at 14-15; ECF No. 9 at 3-4, 13-14. On December 2, 2019, the court issued an order
10 | declining to take judicial notice of proposed documents and converting the motion to a motion for
11 | summary judgment, re-setting the hearing. ECF No. 10. Defendant now moves the court to
12 | reconsider the decision to re-set the hearing and convert the motion to a summary judgment
13 | motion, and asks the court to dismiss on jurisdictional grounds because, amongst other reasons,
14 | the jurisdictional issue is subject to collateral estoppel.

## II. MOTION TO RECONSIDER

A. Legal Standard

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already considered. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th

Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

B. Analysis

Defendant asks the court to revisit its decision in light of the fact that the initial motion moved for dismissal on jurisdictional grounds pursuant to Fed. R. 12(b)(1) as well as for failure to state a claim pursuant to 12(b)(6). Defendant raises for the first time the issue of collateral estoppel, arguing that a substantially similar complaint brought by plaintiff was dismissed on jurisdictional grounds, and that the prior case "is now a final judgment and accordingly, the Complaint can be dismissed based purely on collateral estoppel." ECF No. 11-1 at 2.

"Res judicata and collateral estoppel are affirmative defenses that must be pleaded. Fed. Rules Civ. Proc. 8(c). The purpose of such pleading is to give the opposing party notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate." Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found., 402 U.S. 313, 350 (1971). The collateral estoppel defense was not asserted in the original motion to dismiss; it cannot be considered for the first time upon reconsideration. Should defendant wish to withdraw the pending motion for summary judgment set to be heard on January 15, 2019 (ECF Nos. 6, 10) and file a motion to dismiss based on collateral estoppel, it is free to do so. The court will not consider the issue at this juncture.

The remainder of defendant's motion for reconsideration is a re-litigation of points raised in its motion to dismiss. The court determined that the motion presented at ECF No. 6 could not be heard as a motion to dismiss because both parties wished to include matters not subject to judicial notice, and references to those documents were woven throughout. The court will not

reconsider its determination that the motion needed to re-categorized as a motion for summary judgment; defendant has given the court no reason to do so.

### III. CONCLUSION

The motion for reconsideration at ECF No. 11 is DENIED.

DATED: December 19, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE