UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>v.<br><br>AZUL HOSOPITALITY GROUP, LLC,<br><br>Defendant. | No. 2:19-cv-01877-TLN-AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this case, though he is licensed as an attorney in the state of California. Pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff brings claims for violations of the Americans with Disabilities Act, the California Unruh Civil Rights Act and the California Disabled Persons Act ("DPA"), and a negligence claim, all arising from a 2019 visit to the Sheraton Redding Hotel at the Sundial Bridge.

On October 18, 2019, defendant Azul Hospitality Group, LLC ("Azul") filed a motion to dismiss. ECF No. 6. Because the motion relied on materials outside the pleadings, the undersigned converted it to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and ordered further briefing. ECF No. 10. After some briefs were filed, proceedings on the motion were stayed and the case was referred to court's voluntary dispute resolution program ("VDRP"). The case did not settle as to Azul. Upon termination of the VDRP process, the court invited

supplemental briefing on the motion for summary judgment.  ECF No. 24.

None of defendant's briefing following conversion of its motion meaningfully addresses the standards for relief under Fed. R. Civ. P. 56 or complies with Local Rule 260 (outlining procedures on summary judgment and requiring separate statements of undisputed fact).  See ECF Nos. 15, 16, 26.  Defendant, the moving party, has never submitted a statement of undisputed facts.  Indeed, defendant has made no serious attempt to meet its burden as the moving party under Rule 56.  The court understands that Azul believes it is not a proper defendant under the Americans with Disabilities Act, but it has not provided the court with a procedurally and substantively proper way to reach the question.  The converted motion is not amenable to adjudication as briefed.  It will accordingly be stricken for non-compliance with Local Rule 260.  Defendant's pending objections to plaintiff's briefing (ECF No. 16) are accordingly moot and will also be stricken.

The court notes that Azul dedicated much of its briefing to other cases, unrelated to this one, in which plaintiff has had orders entered against him or has been declared vexatious.  As has been previously explained to defense counsel, such arguments are irrelevant.  This case will be decided on its own merits.  Defense counsel even misrepresents a case that was before the undersigned, stating "this Court has dismissed an identical complaint after giving him leave to amend twice in Strojnik v. Wickstrom Hospitality, LLC, 2:19-cv-02043-JAM-AC (E.D. Cal. December 18, 2020)."  ECF No. 26 at 3.  Wickstrom was not identical to the case at bar, and was dismissed because of facts that are not present in this case.

The court is aware that this case sits in an unusual procedural posture—and one that may well make summary judgment premature.  No case schedule has been set, and to the court's knowledge no discovery has been conducted.  Because defendant failed to meet the procedural requirements for the court to consider its threshold motion, and because attempts at alternative dispute resolution have failed, the undersigned finds the next appropriate step is the issuance of a case schedule.  Accordingly, the parties are ORDERED to meet and confer and submit a joint status report within two weeks of the date of this order.  The status report shall address the following matters:

2

1  a. Service of process;

2  b. Possible joinder of additional parties;

3  c. Any expected or desired amendment of the pleadings;

4  d. Jurisdiction and venue;

5  e. Anticipated motions and their scheduling;

6  f. The report required by Federal Rule of Civil Procedure 26 outlining the proposed

7  discovery plan and its scheduling, including disclosure of expert witnesses;

8  g. Future proceedings, including setting appropriate cut−off dates for discovery and

9  law and motion, and the scheduling of a pretrial conference and trial;

10  h. Special procedures, if any;

11  i. Estimated trial time;

12  j. Modification of standard pretrial procedures specified by the rules due to the

13  simplicity or complexity of the proceedings;

14  k. Whether the case is related to any other cases, including bankruptcy;

15  l. Whether a settlement conference should be scheduled;

16  m. Whether counsel will stipulate to the magistrate judge assigned to this matter

17  acting as settlement judge and waiving disqualification by virtue of her so

18  acting, or whether they prefer to have a settlement conference before

19  another judge;

20  n. Any other matters that may add to the just and expeditious disposition

21  of this matter.

22  Following the receipt of this report, the court will issue a scheduling order.

### III.   Conclusion

For the reasons explained above, it is hereby ORDERED that defendant Azul's motion for summary judgment (ECF No. 6) and objections (ECF No. 16) are both STRICKEN. This order is without prejudice to any future motion by defendants presenting the same or similar issues.

////

////

The parties are further ORDERED to meet and confer and submit a joint status report, as outlined above, within 14 days of entry of this order.

DATED: March 25, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4